IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STACEY L. MITCHELL-HALE                                                                           PLAINTIFF

Case Number: **4:04CV1531GH**

JOHN E. PORTER, POSTMASTER                                                                DEFENDANT

ORDER

Plaintiff filed a *pro se* complaint alleging that she was discriminated against because of her sex when she was terminated and alleging disability discrimination when she was denied reasonable accommodations. Defendant has filed a motion to dismiss or in the alternative a motion for summary judgment   Plaintiff has not responded.

According to the statement of undisputed facts and the exhibits submitted by defendant, plaintiff was a letter carrier.  Her last day to work was December 17, 1998; thereafter she was in a non-pay leave status.  On December 20, 1999, defendant sent plaintiff a Notice of Removal (Administrative) stating that plaintiff would be administratively removed from the Postal Service no sooner than 30 calendar days from receipt of the letter because she had been on non-pay status since December 17, 1998 and had not provided any medical information showing that she would ever be able to return to her job.  The Employee and Labor Relations Manual for the Postal Service provides that at the expiration of one year's continuous absence without pay, an employee may be separated for inability to perform the duties of her job.  Plaintiff was given ten days from receipt of the notice to respond in person or writing to Randy Hamlin, Manager of Human Resources.

On January 3, 2003, defendant sent a letter to plaintiff indicating that the

December 20, 1999 letter was amended to be a notice of proposed removal as the word "proposed" had been inadvertently omitted.  Plaintiff was given an extra ten days from receipt of the January 3, 2000, letter to respond to Hamlin.[1]  In a letter dated January 18, 2000, Hamlin informed plaintiff that she was terminated.  In particular, Hamlin stated:

> I have reviewed and given consideration to all the evidence of record that has been presented to me regarding the charge made against you.  You did not provide me with any additional information during either ten (1) day notice period provided for your response.  The information provided to me in the file reveals that you have been in a on-duty status since December 17, 1998.  In addition, you have not provided any medical information that would indicate that you would ever be able to return to work.  Section 365.342C of the Employee and Labor Relations Manual states that at the expiration of one year's continuous absence without pay, an employee may be separated for inability to perform the duties of their job.
>
> After completing my review of your records and not receiving any documentation from you that would indicate that you will ever be able to return to active employment with the Postal Service, it is my decision to fully support your removal from the Postal Service.  Your administrative removal promotes the efficiency of the Postal Service.  The effective date of your removal will be February 7, 2000.

Plaintiff was informed of her right to appeal the decision.  On July 29, 2000, after plaintiff had exhausted her appeals, Larry Hensley, Manager of Labor Relations for the Arkansas District, gave plaintiff notice that she was removed from the employment rolls effective July 24, 2000.

With regard to her sex discrimination claim, plaintiff must establish that 1) she belonged to a protected class; 2) she was qualified to perform her job; 3) she suffered an adverse employment action; and 4) she was treated differently from similarly situated

---

[1] There does not appear to be a dispute that plaintiff received the letter.  According to an entry of by social worker whom plaintiff was seeing, plaintiff on January 7, 2000, showed the social worker both the December 20, 1999 and the January 3, 2000 letter.

males." The fourth element of a prima facie discrimination case also can be met if the employee provides 'some other evidence that would give rise to an inference of unlawful discrimination.' Once an employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions, and then shifts back to the employee to show that the employer's reason was pretextual." *Turner v. Gonzales,* 421 F.3d 688, 694 (8th Cir. 2005).

It is clear that plaintiff cannot establish a prima facie case of discrimination. Even assuming that she establishes the first three elements, she has not presented any evidence that she was treated differently than similarly situated male employees or any evidence that would give rise to an inference of unlawful discrimination. That she is a female who suffered an adverse action is not sufficient to meet her burden of demonstrating that sex was a motivating factor in her termination. Thus, defendant is entitled to summary judgment on plaintiff's sex discrimination claim.

Plaintiff also alleges that she was discriminated against because of her disability when defendant failed to reasonably accommodate her.  Plaintiff states that she suffers from major depression. Reasonable accommodation claims are analyzed under a "modified burden-shifting analysis." *Fenney v. Dakota, Minnesota & Eastern R. R. Co.*, 327 F. 3d 707, 712 (8th Cir. 2003). Plaintiff must show that she has a disability, she suffered an adverse employment action, and that she is able to perform the essential job functions with or without reasonable accommodation. If she cannot perform the essential functions of the job without accommodation, plaintiff must make a "facial showing that a reasonable accommodation is possible." *Id.* (citation omitted). *See Peebles v. Potter*, 354 F. 3d 761, 767 (8th Cir. 2004) (known disability triggers employer's

duty to reasonably accommodate).

Plaintiff has not established that she has a "disability" as defined by the Rehabilitation Act. Plaintiff must demonstrate that she has a physical or mental impairment that substantially limits one or more major life activities. *Nuzum v. Ozark Automotive Distributors, Inc.*, 432 F. 3d 839, 843 (8th Cir. 2005). The record reflects that at the time plaintiff was not working, she continued to be involved in church activities, considered going back to school, and took care of her family. Plaintiff contended she could continue to work under a different supervisor at a different job.

Even assuming that plaintiff can establish that she is disabled, she has failed to prove that defendant failed to reasonably accommodated her. She can not establish that defendant had notice of her disability. Her supervisor states that he was not aware of plaintiff having a mental condition and was never provided any medical documentation indicating that plaintiff had an impairment. Even if defendant was aware of an impairment, plaintiff admits that she did not request any form of accommodation.

The Court finds that plaintiff has failed to establish a claim for disability discrimination.

Accordingly, the motion for summary judgment is granted. Judgment is granted in favor of defendant.

IT IS SO ORDERED this 22nd day of March, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE